UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHEVRON CORPORATION**, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> **REPUBLIC OF ECUADOR,** <br><br> Respondent. | Civil Action No. 12-1247 (JEB) |

## MEMORANDUM OPINION AND ORDER

On June 6, 2013, this Court issued an Order granting the Petition of Chevron Corporation and Texaco Petroleum Company (jointly "Chevron") to confirm a foreign arbitral award entered in their favor against the Republic of Ecuador. Because Ecuador does not have substantial assets in this district, Chevron now files this Motion to Register its award against Ecuador in any other judicial district in the country in order to satisfy its judgment. Ecuador opposes this as being too broad. The parties submitted briefs, and the Court held a conference call to try – unsuccessfully – to resolve the issue. Believing Chevron has the stronger argument here, the Court will grant its Motion.

**I.      Background**

Having failed in its attempt to block this Court's enforcement of the arbitral award, see Order of June 6, 2013, ECF No. 29, Ecuador immediately appealed to the D.C. Circuit. See Notice of Appeal, ECF No. 32. With the appeal pending, Chevron now seeks to register the Judgment in other U.S. District Courts pursuant to 28 U.S.C. § 1963. Ecuador objects to the scope of relief Chevron seeks: specifically, it asks the Court to allow Chevron to register the "Judgment only in those districts for which Chevron has provided sufficient evidence that

1

Ecuador has substantial assets." See Opp. at 1. With the consent of Ecuador, see id. at 6, Chevron filed a declaration under seal for the Court's *in camera* review. See Second Brian A. White Decl. (submitted under seal). The White Declaration described several districts in which Ecuador possesses substantial assets. Id. at 2-5. It also described assets that are mobile and can thus be moved from district to district. Id. In a conference call on October 25, 2013, the Court attempted to help the parties reach an agreement regarding what limits, if any, would be placed on Chevron's registration. As such brokering was ultimately unavailing, the Court notified the parties that it would shortly issue an Order.

**II.     Legal Standard**

"A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. When an appeal is still pending, therefore, leave to register the judgment outside the issuing district requires "good cause shown." Id. "Good cause" can be established by "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Cheminova A/S v. Griffin LLC, 182 F. Supp. 2d 68, 80 (D.D.C. 2002) (internal citation omitted). Permission to register, however, "should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond" – a third-party guarantee covering the amount of the judgment – pursuant to Rule 62(d). Id.; see also E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc., No. 09-058, 2012 WL 1203327, at *1 (E.D. Va. Apr. 10, 2012) ("plaintiff need only show that (1) no

supersedeas bond has been filed and (2) the absence of assets where judgment was rendered and the presence of assets where registration is sought" to obtain leave to register outside the district under § 1963).

### III. Analysis

It is undisputed in this case that Ecuador has not posted a supersedeas bond pending its appeal. There is, furthermore, no question that Ecuador does not have sufficient assets in this district to satisfy the approximately $100 million judgment. The Court must determine, therefore, whether Chevron has shown "good cause" to allow registration outside this district. As is clear from their briefing and the conference call, the heart of the parties' dispute at this point is whether Chevron need make a showing of substantial Ecuadorian assets in a particular district before it may register or whether it may register in any district it chooses. Ecuador claims that the "majority view" precludes the Court from allowing registration in districts in which Chevron has not identified substantial assets. See Opp. at 3-4. The Court, however, finds that this premise does not stand up to scrutiny. This is because in many of those cases where courts granted permission to register in specific districts, they did so because the applicant only requested to register there and did not request to register in "any district," as Chevron does here. See, e.g., Haldeman ex rel. Haldeman v. Golden, No. 05-00810, 2010 WL 3423130 (D. Haw. July 27, 2010) (applicant requesting to register in Arizona and Washington).

While some courts have required individualized showings in each district, see Funai Elec. Co. v. Daewoo Electronics Corp., No. 04-1830, 2009 WL 605840 (N.D. Cal. Mar. 9, 2009), the Court believes that the better view is to allow registration "in any other district," 28 U.S.C. § 1963, once good cause has been shown that 1) the defendant has an absence of assets in the judgment forum and 2) the defendant has substantial assets in other forums. The Court is not

3

alone in this holding. See TMR Energy Ltd. V. State Property Fund of Ukraine, No. 03-34 (D.D.C. Aug. 27, 2004) (granting leave to register "in any United States District Court"); Spray Drift Task Force v. Burlington Bio-Med. Corp., 429 F. Supp. 2d 49, 51-52 (D.D.C. 2006) (authorizing "registration . . . in other U.S. District Courts"); Du Pont, 2012 WL 1203327, at *1 (granting leave to register in other districts); Schreiber v. Kellogg, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993) (granting leave to register "in any United States District where defendant has property"); Assoc. Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 68 (D.N.J. 1989) (granting leave to register "in Illinois and elsewhere").

This is particularly true in a case where the applicant has identified potentially mobile assets. If, as Ecuador requests, the Court specified which districts Chevron could register in, Ecuador could then move the assets elsewhere before they could be seized. Chevron would then have to return to the Court for further authorization, and the shell game could begin anew.

Ecuador has also raised a concern regarding the potential expense and effort of having to fight subpoenas in the other 93 judicial districts. Yet Chevron has no reason to register the judgment in districts in which Ecuador is unlikely to have assets. In addition, if Chevron does choose to issue third-party subpoenas in myriad districts in a search for Ecuador's assets, Ecuador would not initially be involved in responding to them. Only if the subpoenas bear fruit and show assets exist would Respondent then get involved, at which point it could argue that the particular assets found are not subject to seizure. Ecuador will not have to fight Chevron in each of the 93 other judicial districts, then, unless Chevron finds Ecuador's assets in each of those districts. At the end of the day, national registration makes more sense in a case of mobile assets than does Ecuador's hide-and-seek proposal.

4

## IV. Conclusion

For the aforementioned reasons, the Court ORDERS that:

1. Petitioners' Motion for Leave to Register the Judgment is GRANTED; and

2. Chevron may register the judgment in any other judicial district.

IT IS SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: October 29, 2013